BUD DRESS SHOP, RESPONDENT, v. NEWARK GLASS COMPANY, APPELLANT.

Submitted January term, 1932—Decided April 23, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Rupert F. Howlett.*

For the respondent, *Jacob L. Newman.*

PER CURIAM.

The action in this case was to recover damages for the breaking of a glass display sign. The Newark Glass Company was engaged to install the glass in the plaintiff's window at No. 89 Halsey street, Newark, and in doing so the glass was

broken. This was substantially the whole of the plaintiff's testimony. The defendant gave testimony tending to show that the glass broke because of a weakness due to cutting and grinding the glass too deeply. In this situation the trial judge directed a verdict for the plaintiff, and in this there was error.

Assuming that the rule of *res ipsa loquitur* applied, this did not raise a conclusive presumption of negligence. It still remained for the jury to decide whether negligence should be inferred. *Hughes* v. *Atlantic City and S. Railway Co.*, 85 *N. J. L.* 212; 89 *Atl. Rep.* 769. It was there said, in dealing with the doctrine of *res ipsa loquitur,* that "the inference [negligence] is still one for the jury and not for the court. They may believe the witnesses; the circumstances may be such that the jury would attribute the injury to some cause with which the defendant has nothing to do; they may find the inference of negligence too weak to persuade their minds."

In the present case there was additionally the defendant's proofs from which the jury could attribute the breakage to an undue weakness in the glass itself.

The judgment is reversed.